[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brought this summary process action based on nonpayment of rent for August, 1989. Defendant denied all of the allegations in plaintiff's complaint and asserted three special defenses.
In October, 1981, plaintiff, owner of a two-family duplex including 2 Driggs Court in East Hartford, entered into a 99 year lease of 2 Driggs Court with Jean C. and Mahomi N. Gendron. The written lease calls for rent for the period from November 1, 1981 to October 1, 2021 of $44,900.00. of that amount $2,500.00 was payable on execution of the lease, $5,400.00 on December 31, 1981, and the balance in accordance with a promissory note. In addition, lessee is to pay each month one-twelfth of the property tax on the premises and one twenty-fourth of the fire insurance premium for the structure. The lease agreement allows the lessee to assign the lease with the prior consent of the lessor. In May, 1986, the Gendrons and defendant entered into an assignment of lease and agreement to purchase a leasehold interest which incorporated the terms of the lease.
On August 11, 1989, plaintiff caused a notice to quit to be served on defendant alleging non-payment of rent. Although defendant testified that she mailed a check to plaintiff on August 10, 1989, the envelope bears an August 11, 1989 postmark. Under the heading "Termination," the lease agreement contains the following:
"In addition to all other legal or equitable remedial rights to which the lessor may be entitled under this lease or otherwise, the lessor may terminate this lease if: (a) any payment due under the terms of Exhibit A [the promissory note] shall be in arrears and unpaid for thirty (30) days after the same shall be and becomes due and payable. . . ." The lease agreement denominates such payments under the note as rent. Also under the heading "Rent," the following appears:
"And it is agreed that if any rent shall be in arrears CT Page 112 and unpaid for thirty (30) days after the same shall be and becomes due and payable as aforesaid, then it shall be lawful for the said lessor . . . at any time after such neglect or default, and without previous demand or notice whatever, to re-enter and take possession of said leased premises, and such re-entry and taking possession shall end and terminate this lease." While this latter provision is prohibited by Conn. Gen. Stat. sec. 47a-4(a)(5) and unenforceable under sec. 47a-4(b), the former gives the tenant a 30 day grace period for rent due under the promissory note. Since a proper notice to quit is a jurisdictional necessity, Lampasona v. Jacobs, 209 Conn. 724,729 (1989), the service of the notice to quit here before the contractual grace period had run deprives this court of subject matter jurisdiction.
The case, therefore, is dismissed.
WENDY W. SUSCO JUDGE, SUPERIOR COURT